```
             UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| TERRY BROOKS, | : | **CIVIL NO. 1:10-CV-02006** |
| | : | |
| Plaintiff | : | (Chief Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| LT. GOSS, SGT. MCELWAIN, | : | |
| C/O SPIELES, C/O WEIS, | : | |
| C/O CLARK, C/O TROUTMAN | : | |
| and NURSE DOE, | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

The plaintiff, a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on September 28, 2010.

The complaint names as defendants the following officers and employees at the State Correctional Institution at Camp Hill: Lieutenant Goss, Sergeant McElwain, Corrections Officer Spieles, Corrections Officer Weis, Corrections Officer Clark, Corrections Officer Troutman and Nurse Doe.

The plaintiff's claims are Eighth Amendment claims that he was subject to the excessive use of force, an Eighth Amendment medical claim that he was denied medical care after being subject to the excessive use of force, a claim that he was retaliated against for filing grievances and for assisting another inmate in filing a civil suit and state law claims of assault and battery.

On January 20, 2011, defendants Goss, McElwain, Weis, Clark, Spieles and Troutman filed an answer to the complaint. Defendant Nurse Doe has not been identified such that she can be served with the complaint.

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.  This

>     subdivision (m) does not apply to service in a
>     foreign country under Rule 4(f) or 4(j)(1).

More than 120 days have passed since the filing of the complaint and defendant Nurse Doe has not been identified such that the complaint can be served on her.  By an Order dated February 25, 2011, we ordered the plaintiff to show cause, on or before March 28, 2011, why defendant Nurse Doe should not be dismissed from this case pursuant to Fed.R.Civ.P. 4(m).  We warned the plaintiff that if he were to fail to show cause, we would recommend that defendant Nurse Doe be dismissed from this case.

The plaintiff has not responded to the Order of February 25, 2011.  And so he has not shown cause why defendant Nurse Doe should not be dismissed.

Based on the foregoing, it is recommended that defendant Nurse Doe be dismissed from this case pursuant to

Fed.R.Civ.P. 4(m) and that the case be remanded to the undersigned for further proceedings.

                                         ***/s/ J. Andrew Smyser***
                                         J. Andrew Smyser
                                         Magistrate Judge

Dated:  April 18, 2011.