```
            UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TERRY BROOKS,                  :    CIVIL NO. 1:10-CV-02006
                               :
        Plaintiff              :    (Chief Judge Kane)
                               :
    v.                         :    (Magistrate Judge Smyser)
                               :
LT. GOSS, SGT. MCELWAIN,       :
C/O SPIELES, C/O WEIS,         :
C/O CLARK, and C/O TROUTMAN,   :
                               :
        Defendants             :
```

**REPORT AND RECOMMENDATION**

Even after being ordered to do so, the plaintiff has not responded to the defendants' motion for summary judgment. He has abandoned this lawsuit. Thus, we recommend that the case be dismissed.

I. Background and Procedural History.

The plaintiff, a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on September 28, 2010.

The complaint names the following officers and employees at the State Correctional Institution at Camp Hill as defendants: Lieutenant Goss, Sergeant McElwain, Corrections Officer Spieles, Corrections Officer Weis, Corrections Officer Clark, Corrections Officer Troutman, and Nurse Doe.

The plaintiff claims that defendants Spieles, Troutman, Clark, and Weis used excessive force on him, that defendants Goss and McElwain failed to intervene to stop the use of force, and the defendant Nurse Doe denied him medical care after the use of force all in violation of the Eighth Amendment.  He also claims that defendants Spieles, Troutman, Clark, and Weis committed assault and battery in violation of state law.  He further claims that defendants Goss, McElwain, Spieles, Troutman, Clark, and Weis retaliated against him because he had filed grievances and had assisted another inmate in filing a civil suit.

Defendants Goss, McElwain, Weis, Clark, Spieles and Troutman filed an answer to the complaint.  The court dismissed defendant Nurse Doe because the plaintiff had not identified her such that the complaint could be served on her.

The remaining defendants have filed a motion for summary judgment.  They have also filed a statement of material facts, a brief, and documents in support of that motion.  The plaintiff has not filed a brief in opposition to the motion for summary judgment as required by Local Rule 7.6, Rules of Court, M.D. Pa.

By an Order dated September 19, 2011, we ordered the plaintiff to file, on or before October 7, 2011, a brief in opposition to the motion for summary judgment, a response to the defendants' statement of material facts, and any summary judgment evidence he has in opposition to the motion.  We stated that if the plaintiff were to fail to file a brief in opposition, we may deem him to have abandoned this action and we may recommend that this action be dismissed pursuant to Fed.R.Civ.P. 41(b).

3

The plaintiff still has not filed a response to the pending motion for summary judgment.

II. Discussion.

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action where the plaintiff fails to prosecute or fails to comply with rules or orders of the court. The plaintiff has failed to prosecute this action and has failed to obey the court's Order of September 19, 2011 and Local Rule 7.6, which requires the filing of an opposition brief. The case should be dismissed pursuant to Fed.R.Civ.P. 41(b).

The court should not dismiss a case without an analysis of the merits merely because a *pro se* plaintiff fails to file a brief in accordance with a local rule. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29 (3d Cir. 1991). But dismissal may be appropriate if the plaintiff fails to comply with the rule after a specific direction to comply from the court. *Id.* at 30.

4

In this case, the plaintiff was specifically directed to file a brief in opposition to the pending motion.  He did not obey either the rule or the order.

Although dismissal is an available sanction, it is a drastic sanction which "should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982).  In deciding whether to dismiss an action pursuant to Fed.R.Civ.P. 41(b), the court must balance the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984).  The *Poulis* factors the court should consider are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id*.  No single factor is dispositive. *Briscoe v. Klaus,* 538 F.3d 252, 263 (3d Cir. 2008).  Each factor need not be

5

satisfied for the court to dismiss an action. *Ware v. Rodale Press, Inc.,* 322 F.3d 218, 221 (3d Cir. 2003).

The first *Poulis* factor is the extent of the party's personal responsibility. In this case, the plaintiff is proceeding *pro se.* A *pro se* litigant is responsible for failure to comply with the court's orders and rules. The plaintiff is personally responsible for failing to file a response to the defendants' motion for summary judgment.

The second *Poulis* factor is prejudice to the adversary. Examples of prejudice are "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984). But prejudice for purposes of the *Poulis* analysis is not limited to irremediable harm. *Ware, supra,* 322 F.3d at 222. The plaintiff's failure to comply with the Rule and the Order has delayed this case. But there is no basis to conclude that the defendants' have been prejudiced by that delay.

6

The third *Poulis* factor is a history of dilatoriness. A "party's problematic acts must be evaluated in light of its behavior over the life of the case." *Adams v. Trustees, N.J. Brewery Trust Fund,* 29 F.3d 863, 875 (3d Cir. 1994). The plaintiff has not responded to the motion for summary judgment. He also has not responded in any manner to the Order of September 19, 2011, and that indicates an intent to abandon this case.

The fourth *Poulis* factor is whether the conduct was willful or in bad faith. "Willfulness involves intentional or self-serving behavior." *Adams, supra,* 29 F.3d at 875. Because the plaintiff has failed to respond in any manner to the Order of September 19, 2011, we do not know why the plaintiff failed to respond to the summary judgment motion. Yet because he failed to file a brief after he was warned that failure to do may result in the court deeming him to have abandoned this lawsuit, his conduct appears to be willful.

The fifth *Poulis* factor is the effectiveness of alternate sanctions. Dismissal is a sanction of last resort.

7

*Poulis, supra*, 747 F.2d at 869. It is incumbent upon the court to explore the effectiveness of lesser sanctions before ordering dismissal. *Id.* at 868. The plaintiff is proceeding *pro* se and *in forma pauperis*. There is no evidence to support a reasonable inference that he would be able to pay monetary sanctions. And given the plaintiff's failure to respond after the Order of September 19, 2011, further orders to the plaintiff would not be effective. In this case, no sanction short of dismissal would be effective.

The sixth *Poulis* factor is the meritoriousness of the claim or defense. In this inquiry, a claim will be deemed meritorious when the allegations of the complaint, if established at trial, would support recovery. *Poulis, supra,* 747 F.2d at 870. The complaint states claims against the remaining defendants upon which relief can be granted. But the defendants have presented summary judgment arguments and evidence which, because not rebutted, appear to be meritorious.

8

After weighing the *Poulis* factors, we conclude that this case should be dismissed pursuant to Fed.R.Civ.P. 41(b). The plaintiff has abandoned this lawsuit.

If we are in error in our weighing of the *Poulis* factors and if the plaintiff has not abandoned this lawsuit and intends to proceed, he can file objections to this Report and Recommendation.

III. Recommendations.

Based on the foregoing, it is recommended that the case be dismissed pursuant to Fed.R.Civ.P.41(b) and that the case file be closed.

/s/ J. Andrew Smyser
J. Andrew Smyser
Magistrate Judge

Dated: November 14, 2011.